Marvin BURAK

v.

Richard SPRAGUE et al.
and
City of Philadelphia.

Civ. A. No. 70–2828.

United States District Court,
E. D. Pennsylvania.

Dec. 17, 1971.

348

Marvin Burak, pro se.

David Richman, Asst. Dist. Atty., Philadelphia, Pa., for defendants,

Sprague, Specter, Poserina, and Alessandroni.

George J. Ivins, Deputy City Solicitor, Philadelphia, Pa., for defendants, Rizzo, McCullough, Beck.

Robert Landis, Philadelphia, Pa., for defendant Nix.

### OPINION

MASTERSON, District Judge.

Civil rights. Plaintiff has brought this action, which purports to be a class action under Rule 23 against nine individuals and the City of Philadelphia claiming deprivation of his constitutional rights and seeking redress under 42 U.S.C. § 1983 [1] by way of an injunction, declaratory judgment and damages. Plaintiff predicates jurisdiction upon 28 U.S.C. § 1331 (Federal Question) [2] and 28 U.S.C. § 1343(3) (Civil Rights and Elective Franchise).[3]

Plaintiff was arrested on February 13, 1969, and charged with obscene exhibition, running a disorderly house, conspiracy, and corrupting the morals of a minor. He received a preliminary hearing on February 24th before the Honorable John Poserina, a defendant and Judge of the Municipal Court of Philadelphia County. Plaintiff's trial before the Honorable Robert N. C. Nix, Jr., also a defendant, and a jury began on October 31, 1969. It extended through November 12, 1969, on which date the jury found him guilty on all charges. The Commonwealth of Pennsylvania was

1. § 1983. Civil action for deprivation of rights.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. § 1331. Federal question; amount in controversy; costs.

(a) The district courts shall have original jurisdiction of all civil actions where-

in the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

3. The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

represented at trial by then Assistant District Attorney Joel Moldovsky, another defendant in this case. Other prosecutors named as defendants are Arlen Spector, Richard A. Sprague, and Eugene V. Alessandroni, II, who are respectively the District Attorney of Philadelphia County, the First Assistant District Attorney, and Assistant District Attorney in charge of litigation. Following his conviction, plaintiff appealed to the Superior Court of Pennsylvania. That appeal is still pending at this time.

In this case, plaintiff seeks declaratory and injunctive relief against the enforcement of those statutes under which he was convicted, and against the enforcement of all Pennsylvania statutes regulating obscenity and sexual conduct between consenting individuals, on the ground that all of these statutes violate the First and Fourteenth Amendments. Plaintiff also asks this court for an injunction barring further proceedings in his state prosecution on the grounds that he was convicted under one of these allegedly unconstitutional statutes and because certain of the defendants, individually and in concert, acted so as to deny him a fair trial. In addition, plaintiff seeks compensatory and punitive damages against each of the above named defendants who were involved in the prosecution, as well as the City of Philadelphia.

The remaining defendants are Frank Rizzo, then Police Commissioner of Philadelphia, Hugh McCullough a police Inspector, and Joseph Beck, a detective. Plaintiff seeks damages against Inspector McCullough for allegedly disseminating prejudicial pre-trial publicity at a news conference subsequent to plaintiff's arrest. Plaintiff claims that defendant Rizzo is vicariously liable for his inspector's actions. No allegations whatsoever are lodged against defendant Beck, except that he was the arresting officer. All of the defendants have moved to dismiss the complaint. For the reasons stated below, we will grant these motions.

We begin with plaintiff's claim for declaratory and injunctive relief against the future enforcement of all Pennsylvania statutes relating to obscenity and sexual conduct between consenting individuals. At oral argument, plaintiff conceded that there are no threatened prosecutions against him at this time. Consequently, this aspect of his case must be dismissed for lack of a genuine controversy. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 24 L. Ed.2d 669 (1971).

Next, injunctive and declaratory relief which would bar further proceedings in his state prosecution cannot be issued under the doctrine of Younger v. Harris, *supra* and the companion cases which expressly forbid interference with a state prosecution except in extraordinary circumstances where there is bad faith or a threat to the plaintiff's federally protected rights that cannot be eliminated in a single prosecution. Although plaintiff has made allegations of bad faith in the trial of his case, he has not specifically alleged that the Pennsylvania appellate courts are unable or unwilling to entertain his appeal in good faith or that these courts will not be able to remedy the threats, if any, to his federally protected rights in a single decision. Even his amended complaint which lists all of the reasons for bias in the trial court (if any) does not give this court any reason whatsoever to believe that the entire Pennsylvania judiciary is biased against Marvin Burak. Since this suit was filed in 1970 after the completion of the trial, allegations of bad faith and irreparable harm are meaningless, unless they relate to the appeal process. While *Younger,* et al. all dealt with injunctive and declaratory judgments *before* trial, we think that the same equitable principles support a "hands off" policy through the state appeal process as well. We hold that where a suit seeking to enjoin a state prosecution is not filed until after the trial ends, even if the trial was conducted in bad faith, the state court system should still have the first opportunity to

correct these deficiencies, including the bad faith issue, as long as it is "capable" of doing so. And in this case, we have no evidence that the Superior and/or Supreme Court will act in bad faith or cannot protect plaintiff's federal rights in a single decision.[4]

The fact that plaintiff bases his claim for injunctive and declaratory relief against further state proceedings on Federal constitutional allegations some of which were not raised on appeal before the Pennsylvania Superior Court does not change this result. The rationale of *Younger*, et al. simply forbids us to intervene with injunctive and/or declaratory relief at this point in the state prosecution.

On the other hand, plaintiff's claim for damages premised on his prosecution under an unconstitutional statute as well as a conspiracy (or individual acts) to deny him a fair trial is not barred by *Younger*, et al. because it does not interfere at all with the state prosecution. Nevertheless, we must dismiss the complaint against each named defendant.

■ First, the two Judges and the District Attorney and his Assistants enjoy immunity from suit for damages based on their action as state officials. See Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967); Gaito v. Ellenbogen, 425 F.2d 845 (3rd Cir. 1970); Henig v. Odorioso, 385 F.2d 491 (3rd Cir. 1967); Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966). And it is apparent that these defendants were acting in their official capacities when they allegedly violated his constitutional rights.

■ Secondly, plaintiff cannot recover from the City of Philadelphia because as a municipality it is not a "person" within the meaning of 42 U.S. § 1983. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ Thirdly, as to defendant Beck, plaintiff has made no allegations, except that Beck was the arresting officer. He does not allege that the arrest was made in bad faith and without probable cause. See Pierson v. Ray, supra. Consequently, the complaint against him must be dismissed for failure to state a claim upon which relief may be granted. See Fed.R.Civ.Proc. 12.

■ Finally, plaintiff has not alleged with any particularity the nature of the pre-trial publicity allegedly disseminated by Inspector McCullough, nor has he stated how these statements, if any, prejudiced him at his state court trial. Without such information, defendant McCullough is unable to respond intelligently to the complaint, and the plaintiff has failed to state a claim upon which relief might be granted. Cf. Negrich v. Hohn, 379 F.2d 213 (3rd Cir. 1967). On October 19, 1971, this court extended an opportunity to the plaintiff to amend his complaint to cure these deficiencies. He has not adequately com-

---

4. Plaintiff alleges that he is "unable to look forward in the courts of the Commonwealth of Pennsylvania, to a fair and impartial enactment of due and legal processesses (sic) by virtue of the intimidating and hostile attitudes and acts of the several defendants, who have and will use their positions of authority, power and influence in furtherance of their harassment of the plaintiff, Marvin Burak." Concerning his "background as a political broadcaster" it is true that plaintiff has broadcast programs over WXUR radio station and WTAF–TV. The former is a small station located in Media, Pennsylvania, with a 500 watt A.M. transmitter and a 4200 watt F.M. transmitter, while the latter is a local UHF station serving Philadelphia. But any suggestion that a majority of the Superior Court Judges and Supreme Court Justices heard these broadcasts and were thereby prejudiced against the plaintiff is simply beyond the realm of reason. Furthermore, plaintiff has not presented this court with any concrete evidence that the defendants in this case have or intend to use their positions of authority to influence other jurists on the Pennsylvania appellate courts. Absent hard and concrete factual allegations of any such untoward conduct mentioned above, we will not entertain such assumptions. See Kauffman v. Moss, 420 F.2d 1270 (3rd Cir. 1970); Negrich v. Hohn, 379 F.2d 213 (3rd Cir. 1967).

plied with that order of the court, and as a result his complaint against defendant McCullough must be dismissed. Since none of the police officers originally named remains in this suit, then Police Commissioner Rizzo cannot be held liable on the theory of respondeat superior. For this reason, the complaint against him must be dismissed as well.