**Ella HOPSON, Appellant,**

v.

**Karl ASCH, County Prosecutor, Union County, New Jersey and George F. Kugler, Jr., Attorney General for the State of New Jersey, Appellees.**

**No. 71–1082.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 19, 1972.

Decided March 14, 1972.

Richard I. Samuel, Lerner, David & Littenberg, Newark, N. J. (Stephen Nagler, American Civil Liberties Union of N. J., Newark, N. J., on the brief) for appellant.

Elson P. Kendall, Asst. Prosecutor, Elizabeth, N. J. (Karl Asch, Union County Prosecutor, Elizabeth, N. J., on the brief) for appellee Asch.

Michael R. Perle, Dept. of Law and Public Safety, East Orange, N. J. (George F. Kugler, Jr., Atty. Gen. of N. J., Trenton, N. J., on the brief), for appellee Kugler.

Before ADAMS and JAMES ROSEN, Circuit Judges, and STAPLETON, District Judge.

## OPINION OF THE COURT

### PER CURIAM:

This is an appeal from an order of the district court dismissing the complaint filed by appellant, Ella Hopson.[1]

Ella Hopson was indicted on two counts. The first count charged her with inciting an assault upon a police officer of the City of Linden, New Jersey, on September 19, 1968, contrary to the provisions of N.J.S. 2A:148–10(b). The second count alleged Ella Hopson committed an assault and battery upon the same police officer on the same occasion in violation of N.J.S. 2A:90–4(a).[2]

Appellant was convicted on the first count, N.J.S. 2A:148–10(b) and acquitted on the second count, N.J.S. 2A:90–4(a). Her appeal from the conviction is pending in the Superior Court of New Jersey, Appellate Division.[3] After she was convicted but prior to appeal, Ella Hopson filed a complaint in the district court seeking to permanently enjoin the enforcement of N.J.S. 2A:148–10 and a declaratory judgment determining that the statute is violative of the Constitution of the United States.

In her complaint she alleges N.J.S. 2A:148–10 is void and unconstitutional on its face in that the statute (a) violates the fundamental guarantees of freedom of speech, freedom of assembly, freedom of association, freedom of thought and freedom of belief, and the freedom of citizens to petition their government for a redress of grievances, all of which are guaranteed by the First and Fourteenth Amendments, (b) is overly broad and vague and its overbroad sweep has a chilling effect upon the exercise of rights guaranteed to all citizens by the First and Fourteenth Amendments, and (c) violates the guarantees of due process contained in the Fourteenth Amendment in that its provisions are vague and indefinite and fail to meet the requirement of certainty in statutes which are enforced by criminal sanctions.

---

1. On December 11, 1970 the district court judge dismissed the complaint with prejudice. The complaint filed pursuant to 42 U.S.C. § 1983 challenged the constitutionality of N.J.S. 2A:148–10 which, in pertinent part, reads as follows:

   "Any person who, in public or private, by speech, writing, printing or otherwise, advocates, encourages, justifies, praises or incites:

   a. * * *

   b. Assaults upon any of the armed forces of the United States, the national guard, or the police force of this or any other state or of any municipality; . . . Is guilty of a high misdemeanor."

2. Prior to trial Ella Hopson moved to dismiss the indictment for substantially the same reasons advanced on this appeal. The motion was denied. State v. Hopson, 109 N.J.Super. 382, 263 A.2d 205 (Law Div. 1970).

   See also State v. Cappon, 118 N.J.Super. 9, 285 A.2d 287 (Law Div. 1971) where the court declined to dismiss an indictment for an alleged violation of N.J.S. 2A:148–10(b) where defendant contended that the statute violated the First and Fourteenth Amendments in that the said statute is vague and overbroad.

3. State v. Hopson, Docket No. A–1672.

The recent cases of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L. Ed.2d 688 (1971) are dispositive of appellant's arguments. The national policy forbids federal courts to stay or enjoin *pending* state court proceedings except under special circumstances, *Younger.* Declaratory relief is also improper when a prosecution involving the challenged statute is pending in a state court at the time the federal suit is instituted, *Samuels.* We do not find any facts or circumstances which would remove this case from the general rule. The language in Fenner v. Boykin, 271 U.S. 240, 244, 46 S.Ct. 492, 493, 70 L.Ed. 927 (1926) cited in *Younger* is appropriate:

"The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it *plainly* appears that this course would not afford protection." (emphasis supplied)

We are satisfied that the complaint does not disclose a bad faith state prosecution or harassment by the prosecutor.[4]

The order of the district court dated December 11, 1970 is affirmed.

4. On May 1, 1971 appellant sought to file an "offer of proof" of facts which she claims fall within the allegations of paragraph 10 of her complaint which alleges that "the existence of said statute [N.J.S. 2A:148–10] among the laws of New Jersey and the enforcement of it has the immediate purpose and effect of harassing and intimidating plaintiff and thousands of other citizens and of deterring and discouraging plaintiff and these thousands of others from the immediate exercise of rights, privileges, and immunities secured to them by the Federal Constitution and in particular the rights of freedom of speech and association." The offer involves charges of "harassment" by the Mayor and members of the Linden Police Department. The only "offer of proof" involving defendant Karl Asch is that "The prosecutor of Union County had sufficient records in his possession to be aware of the actions being taken by the police officers. Notwithstanding this knowledge, he proceeded through two prosecutions of the plaintiff under a patently unconstitutional statute." This so-called "offer of proof" is not verified and is signed by the attorney for appellant. The cavalier conclusion that the prosecution of Ella Hopson was under a "patently unconstitutional statute" does not make it so. The Civil Rights Act should not be misused as a device for federal review of a pending state criminal proceeding. Cf. Rodes v. Municipal Authority of Milford, 409 F.2d 16 (3d Cir. 1969).