**INDEPENDENT TAPE MERCHANT'S ASSOCIATION, Plaintiff,**

v.

**J. Shane CREAMER, Attorney General of the Commonwealth of Pennsylvania, Leroy S. Zimmerman, District Attorney for Dauphin County, Pennsylvania, and as Class Representative on behalf of each and every District Attorney in the Commonwealth of Pennsylvania, Defendants,**

and

**Recording Industry Association of America, Inc., Intervenor Defendant.**

Civ. No. 72–73.

United States District Court,
M. D. Pennsylvania.

July 24, 1972.

458

James L. Fisk, Washington, D. C., for plaintiff.

J. Shane Creamer, Atty. Gen. of Pennsylvania, Lawrence T. Hoyle, Jr., Barton Isenberg, Deputy Attys. Gen., Harrisburg, Pa., for defendants.

Ralph S. Snyder, C. Gary Wynkoop, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Howard S. Smith, Mitchell, Silberberg & Knupp, Los Angeles, Cal., Jules E. Yarnell, Laporte & Meyers, New York City, for intervenor defendant.

SHERIDAN, Chief Judge.

In this action plaintiff, Independent Tape Merchant's Association, contends that a statute of the Commonwealth of Pennsylvania, 18 P.S. § 4878.1 (Supp., 1972), is unconstitutional because it attempts to grant an unlimited copyright to producers of sound recordings and is therefore in direct conflict with 17 U. S.C.A. §§ 1(f), 1 nt., 5(n), 19, 20, 26, 101(e) (Supp., 1972) (originally enacted as the Act of October 15, 1971, Pub. L. No.92–140, §§ 1–3, 85 Stat. 391). Originally, plaintiff filed a motion for a temporary restraining order; the motion was denied on March 10, 1972. Plaintiff presently seeks a declaration that the state law is invalidated by the Supremacy Clause; and it seeks, preliminarily and permanently, to enjoin state officials from criminally prosecuting its members and from otherwise interfering with their sales of sound recordings in interstate commerce. In support of its request for equitable re-

lief, plaintiff argues that criminal prosecution of its members is imminent and that prosecution will yield irreparable harm by creating a multiplicity of harassing and vexatious litigation and by destroying the business which plaintiff's members have developed in Pennsylvania.

Jurisdiction is asserted under 28 U.S.C.A. § 1338.[1] Since federal preemption is the only ground upon which the Pennsylvania statute is alleged to be invalid, and since the basic analysis therefore involves a comparison of the relevant statutes to determine whether they conflict, a three-judge court is not proper. Swift & Company, Inc. v. Wickham, 1965, 382 U.S. 111, 86 S.Ct. 258, 15 L. Ed.2d 194; Miller v. Anckaitis, 3 Cir. 1970, 436 F.2d 115.

Defendants are J. Shane Creamer, Attorney General of the Commonwealth of Pennsylvania; Leroy S. Zimmerman, District Attorney of Dauphin County, Pennsylvania, and as class representative on behalf of each and every District Attorney in the Commonwealth of Pennsylvania; and the Recording Industry Association of America, Inc., which was permitted to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. Defendants and intervenor defendant filed responsive pleadings in which they affirmatively contend, inter alia, that the complaint fails to state a claim upon which relief can be granted because the relevant statutes do not conflict and, even assuming that they do, the allegations therein do not entitle plaintiff to either injunctive or declaratory relief. Briefs have been submitted; and, no factual issue having been raised, a hearing was held at which oral argument was made with respect to both the preliminary and the permanent injunction. Fed.Rules Civ.Proc. Rule 65(a) (2), 28 U.S.C.A. In rendering a

decision, the propriety of injunctive and declaratory relief will be considered separately.

The court assumes, without deciding, that plaintiff is a proper representative party to seek to enjoin prospective state prosecutions of its members and that plaintiff's allegations of imminent prosecution constitute a sufficient threat of enforcement to confer standing upon it to seek injunctive relief. Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Boyle v. Landry, 1971, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696; Burak v. Sprague, E.D.Pa.1971, 335 F.Supp. 347. It is nonetheless apparent that an injunction would be improper.

A federal court should not enjoin threatened state prosecutions except when necessary to prevent irreparable harm which is great and immediate. Douglas v. City of Jeannette, 1943, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324; Watson v. Buck, 1941, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416; Fenner v. Boykin, 1926, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927; Cooley v. Endictor, N.D. Ga.1971, 340 F.Supp. 15; Becker v. Thompson, N.D.Ga.1971, 334 F.Supp. 1386, aff'd, 5 Cir. 1972, 459 F.2d 919; cf. Younger v. Harris, supra; Hopson v. Asch, 3 Cir.1972, 457 F.2d 79. Plaintiff has alleged that a failure to enjoin state officials from prosecuting will yield a multiplicity of harassing and vexatious litigation. However, the exercise of equitable discretion to avoid a multiplicity of litigation is restricted to cases in which there would otherwise be a necessity for numerous suits between the same parties involving the same issues; it does not ordinarily extend to cases involving numerous parties in which the issues between them and the state are not necessarily identical. Douglas v. City of Jeannette, supra. On

1. While the court is not convinced that this is a case "arising under" the copyright laws within the meaning of 28 U.S.C.A. § 1338, cf. Public Service Commission of Utah v. Wycoff Company, Inc., 1952, 344 U.S. 237, 248, 73 S.Ct.

236, 97 L.Ed. 291; Thiokol Chemical Corporation v. Burlington Industries, Inc., 3 Cir. 1971, 448 F.2d 1328, that issue need not be resolved in view of the result reached here.

the contrary, it is clear that the cost, anxiety, and inconvenience which any of plaintiff's members may suffer in defending against a single criminal prosecution brought in good faith cannot in itself constitute irreparable harm. Douglas v. City of Jeannette, supra; *accord*, Younger v. Harris, supra. Moreover, the mere allegation of the threat of prosecution falls far short of establishing irreparable harm if the state is allowed to prosecute in the normal manner. Beal v. Missouri Pacific Railroad Corp., 1941, 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577; Musick v. Jonsson, 5 Cir. 1971, 449 F.2d 201; Landreth v. Hopkins, N.D.Fla.1971, 331 F.Supp. 920; *cf.* Boyle v. Landry, supra.

██ Relative to plaintiff's contention that prosecution will destroy the business which its members have developed in Pennsylvania, it suffices to say that no one is immune from prosecution, in good faith, for his alleged criminal acts. Beal v. Missouri Pacific Railroad Corp., supra. At no time has plaintiff alleged that prosecutions are being threatened in bad faith or for the purpose of harassment. Without such an allegation, there is no basis for a finding of irreparable harm. Cooley v. Endictor, supra; Becker v. Thompson, supra; *cf.* Younger v. Harris, supra.

██ There is an additional consideration which is significant with respect to injunctive relief. In Younger v. Harris, supra, 401 U.S. at 41, 91 S.Ct. 746, the Supreme Court expressly reserved judgment regarding the circumstances in which federal courts may enjoin state officials when there is no state prosecution pending at the time the federal suit is filed. However, the principle upon which the doctrine of non-intervention is based, viz., the notion of comity which requires that the equitable discretion of federal courts be exercised with scrupulous regard for the rightful independence of state governments, Younger v. Harris, supra, 401 U.S. at 44, 91 S.Ct. 746, applies with special force in the instant proceeding. The Pennsylvania law became effective on January 10,

1972, with the enforcement provisions which plaintiff seeks to enjoin to be activated several months thereafter. 18 P.S. §§ 4878.1(e), (f) (Supp., 1972). This action was filed on February 14, 1972. Admittedly, the filing of the complaint was timed to coincide with the respective effective dates of the relevant state and federal statutes and to confer jurisdiction on this court before the activation of the state enforcement provisions. Brief for plaintiff at 5. It would be manifestly disruptive of Pennsylvania's administration of its criminal laws for this court to enjoin state officials from initiating prosecution in a case which was filed under circumstances intended to absolutely preclude state officials from ever exercising prosecutorial discretion. Ordinarily there should be no interference with state prosecuting officials; they are charged with prosecution, and must decide how and when it is to be done. Fenner v. Boykin, supra. This is not a case in which the policy enunciated in Younger v. Harris, supra, should apply with greatly diminished force because it appears that Pennsylvania is purposefully refusing to prosecute, relying upon the mere existence of its law to deter conduct which is arguably protected by the Constitution. Wulp v. Corcoran, 1 Cir.1972, 454 F.2d 826. Rather, it is reasonable to assume that prosecutions will be commenced expeditiously, thereby promptly vindicating any rights of plaintiff's members which the Pennsylvania statute is found to infringe.

██ Even assuming both that the pendency of a state criminal action were to be deemed dispositive and that the criteria by which federal courts assess the propriety of injunctive relief were significantly different with respect to threatened and existing state criminal prosecutions, it is highly unlikely, given the disparity among the criminal processes of various states, that the Supreme Court meant to enunciate a rigid rule for determining when a state criminal prosecution is in fact pending. Burak

v. Pennsylvania, E.D.Pa.1972, 339 F. Supp. 534. It has been suggested that a rational demarcation would be the date of the first official enforcement activity directed against the plaintiff, e. g., the date of arrest or of indictment or of the issuance of a warrant. The Supreme Court, 1970 Term, 85 Harv.L.Rev. 37, 308, 309 (1971). Applying this test, it would seem inequitable to hold federal injunctive relief to be appropriate where the federal action was filed prior to the date when any state enforcement action was legally authorized pursuant to the terms of the very law the enforcement of which plaintiff seeks to enjoin.

For the reasons enumerated, plaintiff's request for injunctive relief will be denied. Since it has been decided that the factors necessary to invoke an exercise of this court's equitable discretion are not present, there is no need to consider whether 28 U.S.C.A. § 2283, under the circumstances of this case, might in itself preclude the issuance of an injunction. *See* Dombrowski v. Pfister, 1965, 380 U.S. 479, 484 n.2, 85 S.Ct. 1116, 14 L.Ed.2d 22.

▆▆▆▆ If this were a case involving a pending state criminal prosecution, the denial of an injunction would be dispositive of the request for a declaratory judgment. Samuels v. Mackell, 1971, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688; Hopson v. Asch, supra. However, where a plaintiff seeks injunctive and declaratory relief in the absence of a pending state prosecution, it is not proper to automatically dismiss the request for declaratory relief upon finding that an injunction should not issue; rather, the propriety of declaratory relief must be evaluated on its own merits. Zwickler v. Koota, 1967, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444. The extent to which Samuels v. Mackell, supra, modifies Zwickler v. Koota, supra, is not yet clear; at the very least, it is apparent that the conceptualization of the declartory judgment-injunction distinction is in a dynamic, developmental stage. Spencer v. Kugler, 3 Cir.1972, 454 F.2d 839. Therefore, the policies which re-

quire that a declaratory judgment with respect to pending state criminal prosecutions be evaluated pursuant to criteria essentially similar to those which govern the issuance of an injunction may point to the same result even if there is no state prosecution pending. Becker v. Thompson, 5 Cir. 1972, 459 F.2d 919, aff'g, N.D.Ga.1971, 334 F.Supp. 1386; Cooley v. Endictor, supra; Armour and Company v. Ball, W.D.Mich.1971, 337 F.Supp. 938; Landreth v. Hopkins, supra; *cf.* Samuels v. Mackell, supra; Spencer v. Kugler, supra. *But see* Perez v. Ledesma, 1971, 401 U.S. 82, 93, 91 S. Ct. 674, 27 L.Ed.2d 701 (Brennan, White and Marshall, JJ., concurring in part and dissenting in part); Wulp v. Corcoran, supra.

▆▆▆▆ Assuming that 18 P.S. § 4878.1 (Supp., 1972) were to be declared unconstitutional, the decision might well lead to a request for an injunction to protect or effectuate the declaratory judgment if the state were subsequently to decide to prosecute. This could effectively circumvent the requirements for injunctive relief, and it would seem to imply that a declaratory judgment should not issue absent a showing of irreparable harm if there is reason to believe that an injuction might later be necessary. Cooley v. Endictor, supra; *accord,* Samuels v. Mackell, supra. In addition, a declaratory judgment itself is, as a practical matter, no less disruptive than an injunction in its impact on *the orderly functioning of state criminal processes;* it is equally likely to preclude the initiation of state prosecutions. Becker v. Thompson, supra; Cooley v. Endictor, supra; Armour and Company v. Ball, supra; Landreth v. Hopkins, supra; *accord,* Samuels v. Mackell, supra. These concerns are particularly apposite where the federal action has been commenced under circumstances indicating an intent to effectively prevent the prior initiation of state action. A declaratory judgment should not be granted if its issuance appears calculated to reward the winner of a race to the courthouse. Cooley v. Endictor, supra. This is not a

case in which the lack of a pending state action means that the impact of federal intervention upon a state's administration of its criminal laws will be minimal. Perez v. Ledesma, supra; Wulp v. Corcoran, supra. On the contrary, it is the opinion of the court that the issuance of a declaratory judgment would be highly disruptive in the present context and that the factors which require the denial of plaintiff's request for an injunction also require that declaratory relief be denied. Becker v. Thompson, supra; Cooley v. Endictor, supra; Armour and Company v. Ball, supra; Landreth v. Hopkins, supra; *accord,* Samuels v. Mackell, supra.

Moreover, additional factors exist which compel the same conclusion. Plaintiff alleges that 18 P.S. § 4878.1 (Supp., 1972) is unconstitutional because it purports to grant an unlimited copyright to producers of sound recordings, thereby frustrating the federal regulatory scheme the purpose of which is to require that any sound recording without limited federal copyright protection become part of the public domain. It contends that Pennsylvania's attempt to make certain activities criminal constitutes the de facto creation of an additional alternative the very existence of which is anathematic to a system of federal regulation which contemplates either limited federal protection or no protection at all. Defendants and intervenor defendant argue that it is clear that not all non-federal regulation is precluded by federal copyright legislation, e. g., 17 U.S.C.A. § 2; that recent federal legislation, viz., 17 U.S.C.A. § 1 nt (Supp., 1972) (originally enacted as the Act of October 15, 1971, Pub.L.No. 92–140, § 3, 85 Stat. 392), manifests an intention that certain rights coexist with those created by federal law and is in fact an invitation to the states to enact complementary legislation designed to protect coexisting rights; and that the Pennsylvania statute is not a copyright law at all, but rather is a state unfair competition law which applies to recordings fixed prior to the effective date of the federal act and which is therefore fully consistent with the intent of Congress as expressed in 17 U.S.C.A. § 1 nt (Supp., 1972).

 The issuance of a declaratory judgment is discretionary. Zemel v. Rusk, 1965, 381 U.S. 1, 18–20, 85 S.Ct. 1271, 14 L.Ed.2d 179; Public Affairs Associates, Inc. v. Rickover, 1962, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604; Eccles v. Peoples Bank of Lakewood Village, California, 1948, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784; Alabama State Federation of Labor v. McAdory, 1945, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725; Brillhart v. Excess Insurance Company of America, 1942, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; *cf.* McCahill v. Borough of Fox Chapel, 3 Cir.1971, 438 F.2d 213, 215 n.5. In exercising its discretion, a federal court confronted with a federal constitutional question should abstain from deciding an unresolved issue of state law if the state law is fairly subject to an interpretation which may avoid or modify the federal constitutional issue. Lake Carriers' Association v. MacMullan, 1972, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257; Reetz v. Bozanich, 1970, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68; Harman v. Forssenius, 1965, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50; Harrison v. National Association for Advancement of Colored People, 1959, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152; City of Meridian v. Southern Bell Telephone & Telegraph Co., 1959, 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562; Government and Civic Employees Organizing Committee, CIO v. Windsor, 1957, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894; Shipman v. DuPre, 1950, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877; Spector Motor Service, Inc. v. McLaughlin, 1944, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101; Chicago v. Fieldcrest Dairies, Inc., 1942, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355; Railroad Commission of Texas v. Pullman Company, 1941, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; King-Smith v. Aaron, 3 Cir. 1972, 455 F.2d 378; Lewis v. Kugler, 3

Cir.1971, 446 F.2d 1343; University Day Care Center, Inc. v. Temple University—Of Commonwealth of Higher Education, 3 Cir.1971, 442 F.2d 1116; Musselman v. Spies, N.D.Pa.1972, 343 F. Supp. 528. Abstention is not an automatic rule; rather, equitable discretion must be employed on a case-by-case basis to evaluate whether the required special circumstances exist. Baggett v. Bullitt, 1964, 377 U.S. 360, 84 S. Ct. 1316, 12 L.Ed.2d 377.

If the construction of 18 P.S. § 4878.1 (Supp., 1972) advocated by defendants and intervenor defendant is correct, the scope of the constitutional issue before the court will be narrowed significantly. Furthermore, there is a legitimate disagreement about the intended effect of the Pennsylvania statute. Therefore, this is not a case in which abstention is improper because the state law is unambiguous or in which, on any reasonable construction of state law, it is not open to an interpretation which would modify the constitutional question. Wisconsin v. Constantineau, 1971, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515; King-Smith v. Aaron, supra; Musselman v. Spies, supra.

■ Conversely, abstention would appear to be appropriate for several reasons. The Pennsylvania law is a very recent enactment, and the state courts have not yet had an opportunity to construe it. Any interpretation of 18 P.S. § 4878.1 (Supp., 1972) rendered by this court could only be a prediction of what Pennsylvania courts will decide when they ultimately face the issues raised. Harman v. Forssenius, supra; Alabama State Federation of Labor v. McAdory, supra; Spector Motor Service, Inc. v. McLaughlin, supra; Chicago v. Fieldcrest Dairies, Inc., supra; Lewis v. Kugler, supra; Musselman v. Spies, supra. It does the rule of law a disservice if a federal decision on an issue of state law may be overturned by a controlling decision of a state court. Railroad Commission of Texas v. Pullman Company, supra. In addition, the recent origin of 18 P.S. § 4878.1 (Supp., 1972) presents an

a fortiori argument that this court should withhold judgment; time is significant in assessing the propriety of abstention because there is greater reason to anticipate a narrowing construction by state courts if a law has been recently promulgated. Musselman v. Spies, supra.

■ Secondly, it is a basic principle of constitutional adjudication that federal courts will not render a constitutional decision unless absolutely necessary, both to avoid the unnecessary determination of constitutional questions, e. g., Alabama State Federation of Labor v. McAdory, supra, 325 U.S. at 471, 65 S. Ct. 1384, and because federal courts do not decide abstract, hypothetical issues, Government and Civic Employees Organizing Committee, CIO v. Windsor, supra. It would violate the principles enumerated to evaluate the constitutionality of 18 P.S. § 4878.1 (Supp., 1972) prior to having obtained an authoritative construction of state law.

■ Finally, although the issue of abstention is entirely distinct from the question of injunctive and declaratory relief with respect to pending state criminal prosecutions, Lake Carriers' Association v. MacMullan, supra, 406 U. S. at 509 n.13, 92 S.Ct. 1749, the proper use of the abstention doctrine avoids needless friction with state policies, whether those policies involve criminal law or the final authority of state courts to interpret state regulatory legislation. Harman v. Forssenius, supra; Martin v. Creasy, 1959, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186; Harrison v. National Association for Advancement of Colored People, supra; Alabama State Federation of Labor v. McAdory, supra; Railroad Commission of Texas v. Pullman Company, supra. It is not the function of a federal court of equity to attempt to envisage all the diverse issues which could engage the attention of state courts in prosecutions for alleged violations of state law, nor to assume to draw to federal court the determination of those issues in advance by a decree saying in what circumstances and condi-

tions the application of the state law will be deemed to abridge constitutional rights. Douglas v. City of Jeannette, supra, 319 U.S. at 165, 63 S.Ct. 877. In the exercise of federal equitable discretion, it is of controlling significance that it is in the public interest to avoid the needless determination of constitutional questions and the needless obstruction of the domestic policy of states by forestalling state action in applying its own statutes. Alabama State Federation of Labor v. McAdory, supra, 325 U.S. at 471, 65 S.Ct. 1384.

■ Having decided that abstention is appropriate, this court has discretion to decline to exercise jurisdiction or to postpone its exercise in deference to a state determination of issues of state law. Harman v. Forssenius, supra, 380 U.S. at 534, 85 S.Ct. 1177. Retention of jurisdiction is generally the better procedure, but courts have ordered dismissal as well. Zwickler v. Koota, supra, 389 U.S. at 244 n.4, 88 S.Ct. 391. Under the circumstances of this case, i. e., where abstention based upon an unresolved issue of state law is not the only ground upon which the court deems it unnecessary to reach the merits of the controversy, dismissal is proper. *See* Stainback v. Mo Hock Ke Lok Po., 1949, 336 U.S. 368, 69 S.Ct. 606, 93 L.Ed. 741; University Day Care Center, Inc. v. Temple University—Of Commonwealth of Higher Education, supra; Hill v. Victoria County Drainage District No. 3, 5 Cir.1971, 441 F.2d 416; Urbano v. Board of Managers of New Jersey State Prison, 3 Cir.1969, 415 F.2d 247; Hander v. San Jacinto Junior College, S.D.Tex.1971, 325 F. Supp. 1019; Ascheim v. Quinlan, W.D. Pa.1970, 314 F.Supp. 685; Haakenson v. Parkhouse, E.D.Pa.1970, 312 F. Supp. 929. This is especially true since the unresolved state issue is closely intertwined with plaintiff's federal constitutional claims. *Cf.* Reid v. Board of Education of City of New York, 2 Cir. 1971, 453 F.2d 238. Furthermore, dismissal does not necessarily mean that plaintiff need procure an authoritative construction of 18 P.S. § 4878.1 (Supp.,

1972) in a state criminal proceeding; Pennsylvania offers declaratory relief as an alternative remedy. 12 P.S. § 831 et seq. Of course, if abstention is not otherwise proper, the availability of a declaratory judgment in state court is irrelevant. Lake Carriers' Association v. MacMullan, supra, 406 U.S. at 510, 92 S.Ct. 1749. However, when it does apply, the existence of state declaratory relief should ameliorate the consequences of dismissal. In any event, plaintiff is not precluded from later recourse to a federal forum if it preserves its federal constitutional claim and can satisfy jurisdictional requirements. England v. Louisiana State Board of Medical Examiners, 1964, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440; Hill v. Victoria County Drainage District No. 3, supra.

In view of the foregoing, plaintiff's request for injunctive and declaratory relief will be denied, and the action will be dismissed.