Ceinwein KING–SMITH, Appellant,

v.

Mrs. M. L. AARON et al.

No. 19539.

United States Court of Appeals, Third Circuit.

Argued Nov. 12, 1971.

Decided Feb. 2, 1972.

Harry J. Gruener, Litman, Litman, Harris & Specter, Pittsburgh, Pa., for appellant.

Bernard Markovitz, Asst. Solicitor (Board of Public Education, School District of Pittsburgh), Pittsburgh, Pa. (Justin M. Johnson, Solicitor, Cyril A. Fox, Jr., Asst. Solicitor, Pittsburgh, Pa., on the brief), for appellees.

Before VAN DUSEN and ROSEN, Circuit Judges, and BECKER, District Judge.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This case involves the alleged right of a blind woman, with exceptional academic credentials,[1] to serve as a teacher in the Pittsburgh public school system. In 1968, plaintiff completed a formal application to teach in the Pittsburgh public schools and had several interviews. After passing the required physical examination, she was granted a provisional teacher's certificate by the Department of Public Instruction of the Common-

---

1. As the district court judge pointed out, plaintiff has been endowed with a remarkable facility to master diverse and unrelated foreign languages. While a student at Stanford University, she majored in Russian and did minor study in German and Chinese. Plaintiff graduated from Stanford in three academic years with great distinction, ranking sixth in her class, and was elected to Phi Beta Kappa. Plaintiff did graduate studies at the Monterey Institute of Foreign Studies, the Warsaw University in Poland, and received a Master's Degree in Education with a Russian concentration from Harvard University. She took the National Teachers' Examination in March 1969 and received a score of 769 out of a possible 800.

wealth of Pennsylvania. Plaintiff then made a request to take the physical examination required by the Board of Education of the City of Pittsburgh. Although this initial request was refused, plaintiff was permitted to teach on a voluntary basis at a Pittsburgh public high school and was later permitted to take the physical examination. Despite the recommendation of the examining physician that the visual requirement be waived, she was not recommended for employment by the Medical Service Division. Plaintiff was called to act as a substitute teacher on three occasions in 1969, but all requests to be placed on the eligibility list [2] were declined. On May 22, 1970, the instant action was filed in the district court based on 42 U.S.C. §§ 1983 and 1985, alleging a violation of plaintiff's due process and equal protection rights. After reviewing briefs submitted on defendants' motion to dismiss, the motion was granted by the district court. That court, in its opinion of October 7, 1970, 317 F.Supp. 164, relied on the abstention doctrine in dismissing the action and cited the existence of state law issues which might avoid the Federal Constitutional issues as the predicate for relying on that doctrine. We disagree and remand for a hearing on the merits of plaintiff's complaint.

 A federal court should abstain when a decision concerning a question of state law is necessary to a disposition of the case and the answer to the state question involves unclear state law, especially where a matter of paramount interest to the state is involved.[3] There is no uncertain state law question in this case.

We do not agree with the district court's determination that a controlling and unclear question of state law was presented due to a conflict in the provisions of 24 P.S. § 12–1209 and 24 P.S. § 21–2102. The theory that the constitutional question could be avoided by a resolution of unclear state law questions is based on the following interpretation of the Pennsylvania School Code:

(1) § 21–2103 grants authority to the Board to set standards for the hiring of teachers.

(2) § 21–2108 extends that authority to disqualifying persons who have physical defects which would prohibit them from successfully performing the duties of a teacher.

(3) However, the authority granted by these sections is expressly made subject to the other provisions of the Act by § 21–2102.

(4) One such provision is contained in § 12–1209, which provides for the certification of teachers having major physical disabilities by the state.

2. 24 P.S. § 21–2110 provides that an eligibility list of those who have received certificates of qualifications to teach is to be maintained. Those on the list are ranked according to their qualifications. Appointments can only be made from this list.

3. See, e. g., Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971); Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); Railroad Com'n of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Lewis v. Kugler, 446 F.2d 1343 (3d Cir. 1971). See generally, Note, Federal-Question Abstention: Justice Frankfurter's Doctrine In An Activist Era, 80 Harv.L.Rev. 604 (1967). While

the state has a paramount interest in the operation of its educational system and courts should not "intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values," Epperson v. Arkansas, 393 U.S. 97, 104, 89 S.Ct. 266, 270, 21 L.Ed.2d 228 (1968), this policy standing alone is not a sufficient ground for abstention. Moreno v. Henckel, 431 F.2d 1299 (5th Cir. 1970); Hall v. Garson, 430 F.2d 430, 437 (5th Cir. 1970). The instant action is not entangled in questions of unclear state law. Rather, the only issue here is the reasonableness of the Board's decision in light of the due process and equal protection clauses of the Fourteenth Amendment, and federal courts are the primary forum for the resolution of such issues.

Defendants suggest that since plaintiff, having such a disability, has received a state certification, her disqualification under the physical defects provision of § 21–2108 would controvert the policy expressed in § 12–1209 to hire such teachers and is thus inconsistent with the "provisions of the Act." § 21–2103.

■■ Reading the various provisions of Article XII and Article XXI of the Public School Code of 1949 (Act of March 10, 1949, P.L. 30) as a whole, it is clear that a prospective teacher is required not only to secure provisional approval from the Commonwealth authorities under Article XII of the Act of 1949 but is also required to receive the approval of the City of Pittsburgh Board of Education under Article XXI. The statute, read as a whole, places authority in the local school boards to pass reasonable regulations to insure that prospective teachers are physically qualified to carry out their teaching assignments. Even though a prospective teacher with a serious physical handicap has received her state certification (a prerequisite required by the Act), she is still subject to the independent discretion of the local board as to whether her physical defect would prohibit her from successfully performing her duties as a teacher. Therefore, no conflict among the above-mentioned sections of the Act exists.[4] In a case such as this, it is the duty of the federal courts to exercise jurisdiction.[5] Plaintiff has alleged that she has been deprived of her civil rights in violation of the Fourteenth Amendment and 42 U.S.C. § 1983 by an arbitrary, discriminatory and unreasonable classification of blind persons as being unfit for teaching positions in the public schools.[6] We express no opinion on the merits of this claim but, in view of the

---

4. We also note that this possible interpretation of a conflict in state law was not presented in the complaint, which states no question of state law but merely cites 24 P.S. § 21–2110, which provides that teachers are to be chosen from an eligibility list. However, in plaintiff's brief in opposition to the motion to dismiss it was stated:

"Mrs. King-Smith has gained certification from the Commonwealth by demonstrating her ability to perform the duties of a teacher notwithstanding her impediment. It is not within the statutory authority of the defendants to disregard that ability and refuse her eligibility, solely because of her impediment."

This statement is consistent with the principal theory advanced by plaintiff that the Pittsburgh School Board had no statutory authority to disqualify an applicant on the basis of arbitrary, unreasonable, or discriminatory classifications as such disqualification would be a deprivation of plaintiff's federally protected rights. Plaintiff had instituted no state court suit nor was there a state court suit on a different "claim" which would obviate the federal question. See Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1970).

5. Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Lewis v. Kugler, 446 F.2d 1343 (3d Cir. 1971). In light of the allegations of the complaint and the contentions of the plaintiff as to her limited economic status ("The expense of launching and sustaining two lawsuits is prohibitive and is a price this appellant cannot pay . . ."), this case is not so exceptional as to warrant placing the additional burden of a state court proceeding on plaintiff. See England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959).

6. "16. Beginning in January, 1968, and continuing to the present, the defendants have, under color of law, knowingly and unlawfully denied plaintiff's request to be placed on the eligibility list to teach in the Pittsburgh Public School System solely due to her blindness in violation of her civil rights, privileges and immunities, to wit, such denials by defendants to place plaintiff on the eligibility list constitutes the creation of an unreasonable and discriminatory classification and are arbitrary, unreasonable, unlawful, intentional and capricious and in violation of plaintiff's right to due process of law and equal protection of the laws under the Fourteenth Amendment to the United

**382**

motion to dismiss, are bound to accept the allegations of the complaint as being true. For these reasons, we reverse the district court order of October 7, 1970, and remand the case for further proceedings consistent with this opinion.[7]

States Constitution and Title 42 Section 1983 of the United States Code.

"17. Beginning in January, 1968, and continuing to the present, the defendants have under color of law, knowingly and unlawfully conspired to deny plaintiff's requests to be placed on the eligibility list to teach in the Pittsburgh Public Schools solely due to her blindness in violation of her civil rights, privileges and immunities to wit; by such conspiracy the defendants . . . have acted in an arbitrary, unreasonable, unlawful, intentional and capricious manner in violation of plaintiff's right to due process of

law and equal protection of the law under the Fourteenth Amendment to the United States Constitution and Title 42, Section 1985 of the United States Code." See Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

7. Defendants alleged at oral argument that plaintiff had been given an opportunity to substitute teach on two separate occasions but that "it just didn't work." On these two occasions plaintiff taught under controlled conditions with teacher's aides present to maintain order.