**Walter BURKS et al., Plaintiffs,**

**v.**

**Ralph PERK, Mayor, etc., Defendant.**

**No. C 72–128.**

United States District Court,
N. D. Ohio, E. D.

Feb. 15, 1972.

As Amended Feb. 17, 1972.

Richard M. Markus, Robert Disbro, Charles W. Fleming, Carl Character, Cleveland, Ohio, for plaintiffs.

Richard Hollington, Jr., Law Director, Paul J. Brady, Asst. Law Director, Nicholas DeVito, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

The plaintiffs have filed an application for a temporary restraining order and an injunction in this Court. This cause came on for a hearing on February 14, 1972.

The plaintiffs are all duly appointed members of the Civil Service Commission of the City of Cleveland, and the defendant is the duly elected Mayor of

the City of Cleveland. The plaintiffs contend, inter alia, that Chapter 27, Section 124 of the Charter of the City of Cleveland, which provides in part:

"A member of the civil service commission may be removed by the mayor for neglect of duty, incapacity, incompetency, or malfeasance in office, but only after opportunity has been given for a public hearing before the mayor, to be held at least ten days after written charges have been made and notice thereof been given to the accused member. Such member shall be heard in person or by counsel; and such removal shall be final."

violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that the defendant has participated actively in the preparation and investigation of the removal of these plaintiffs-commissioners, and that the defendant intends to conduct these hearings himself and make a final determination. The plaintiffs also contend that the charges against them are unreasonably vague and lack the required specificity. They allege that the procedures contained in Chapter 27, Section 124 of the Charter of the City of Cleveland violate the requirements of Article XVIII, Section 3 of the Ohio Constitution and Ohio Revised Code, Section 705.23, and that the charges against the plaintiffs do not constitute grounds for removal under the Charter of the City of Cleveland or Ohio Revised Code, Section 705.23. In addition, they allege that there is no judicial review of these proceedings.

■ The plaintiffs have asked that a three-judge court be impanelled in accordance with 28 U.S.C. § 2284. That statute requires the impanelling of a three-judge court when a state statute is sought to be enjoined. Since a city charter provision is in question, not a statute of Ohio, 28 U.S.C. § 2284 is not applicable. Therefore, this Court, acting alone, is required to deal with the issues here presented, which include whether:

1. There is a conflict between the state statute and the City Charter.

2. Judicial review is available within the state judicial system, either directly in the nature of an appeal, or indirectly in the nature of an action in equity.

3. The procedure outlined in the City Charter provision violates the due process clause of the Fourteenth Amendment because of the alleged lack of judicial review.

4. The procedure outlined by the City Charter lacks the requisite due process.

■ The first two of these questions present important state claims which have never been presented to the Supreme Court of Ohio. Therefore, this seems a proper case for the invocation of the doctrine of abstention. The abstention doctrine has been recognized in at least four distinguishable areas: (1) to avoid decision of a federal constitutional question where the case may be disposed of on questions of state law; (2) to avoid needless conflict with the administration by a state of its own affairs; (3) to leave to the states the resolution of unsettled questions of state law; and (4) to ease the congestion of the federal court docket. The above doctrines overlap at times. Indeed they do in this case, since there are questions of state law presented which seem to be unsettled, and their resolution may be dispositive of the case.

■ Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) was the first case to countenance abstention where the case could have been resolved on questions of state law. The company, there, was seeking to enjoin enforcement of an order of the Commission, claiming that the order denied its rights under the Fourteenth Amendment and claiming also that under Texas law the Commission lacked the authority to issue the order in question. Mr. Justice Frankfurt-

er, speaking for a unanimous court, said:

"In this situation a federal court of equity is asked to decide an issue by making a tentative answer which may be displaced tomorrow by a state adjudication. * * * The resources of equity are equal to an adjustment that will avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication." 312 U.S. at 500, 61 S.Ct. at 645.

This type of abstention may not be ordered where the relevant state law is settled, *Public Utilities Comm. of State of California v. United States,* 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958), or where it is clear that the state statute is unconstitutional no matter how it may be construed by the state courts. *Harman v. Forssenius,* 380 U.S. 528, 534–535, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965). Neither of these situations are present here.

In *England v. Louisiana State Board of Medical Examiners,* 180 F.Supp. 121 (1961), a three-judge district court was asked to determine whether chiropractors who sought to practice in Louisiana must comply with the educational requirements of the Louisiana Medical Practice Act. The court invoked the doctrine of abstention and remitted the parties to the state courts, since a decision there construing the Act inapplicable to chiropractors might end the controversy. The Supreme Court approved such use of the abstention doctrine. See *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440 (1964).

The Sixth Circuit Court of Appeals has recently examined this issue in *Garvin et al. v. Rosenau et al.,* 455 F.2d 233 (1972). The plaintiffs in *Garvin* were a group of high school students who alleged an infringement of their constitutional rights. The district court abstained and the Sixth Circuit reversed. Since a First Amendment question is not raised in the instant case, the holding in *Garvin* is not apposite, but the

Court of Appeals' dicta concerning the appropriate time for the use of abstention is instructive. This Court does not abstain for reason of judicial economy or because of a belief that certain cases should be handled by the state courts. *Garvin et al. v. Rosenau et al., supra,* at 236–237. See *Zwickler v. Koota,* 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). Rather, the issue here falls within the "special circumstances" noted by concurring Justice Harlan, in *Zwickler,* where he said:

"This Court has repeatedly indicated that 'abstention' is appropriate 'where the order to the parties to repair to the state court would clearly serve one of two important countervailing interests: either the avoidance of a premature and perhaps unnecessary decision of a serious federal constitutional question, or the avoidance of the hazard of unsettling some delicate balance in the area of federal-state relationships.'" 389 U.S. at 255, 88 S. Ct. at 399.

The Circuit Court went on to note that the mere fact that a constitutional decision might be avoided or that federal-state friction might result does not automatically justify resort to the use of abstention. The facts and circumstances in each case must be evaluated and abstention "is appropriate only if the narrowly limited countervailing interests are, on balance, more important to the federal constitutional system than a litigant's right to a federal forum." 455 F.2d at 238. Since there are questions presented here which, if resolved, may avoid a federal constitutional issue and which involve substantial state issues, then, unlike *Garvin,* this is an appropriate case for the invocation of the doctrine of abstention.

Jurisdiction is not necessarily divested on remission of issues of state law. No litigant who has properly invoked the jurisdiction of a United States District Court to consider federal constitutional questions, as these plaintiffs have, can be compelled without his consent to ac-

cept a state court's determination of those claims. Compare Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); Alabama Public Service Comm. v. Southern RR Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951). Nothing in the abstention doctrine would conscience any other result, since "abstention is a judge-fashioned vehicle for according appropriate deference to the 'respective competence of the state and federal court systems.' Louisiana Power & Light Co. v. Thibodaux, 360 U.S. 25, 29 [79 S.Ct. 1070, 3 L.Ed.2d 1058] (1959);" England v. Louisiana State Board of Medical Examiners, *supra*, 375 U.S. at 415, 84 S.Ct. at 465.

■ Recognizing the role of state courts as the final authority on issues of state law indicates no abdication of the duty of a federal court to decide questions of federal law. Abstention involves only the postponement, not the abdication, of the exercise of this Court's jurisdiction. England v. Louisiana Board of Medical Examiners, *supra*, at 415–416, 84 S.Ct. 461, 11 L.Ed.2d 440; Harrison v. NAACP, 360 U.S. 167, 177, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959). As the Supreme Court stated in NAACP v. Button, 371 U.S. 415, 427, 83 S.Ct. 328, 335, 9 L.Ed.2d 405 "a party has the right to return to the District Court, after obtaining the authoritative state court construction for which the court abstained, for a final determination of his claim." This Court is confident that the courts of the State of Ohio share in the purpose of the abstention doctrine which is an expression of our mutual cognizance of the interstitial character of federal law (see, H. Hart & H. Wechsler, The Federal Courts and the Federal System 436–545 (1953)), and the harmonious relation between the state and federal judicial systems. See generally, Erie RR Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Clark, Federal Procedural Reform and States' Rights: to a More Perfect Union, 40 Tex.L.Rev. 211, 218 (1961).

■ Therefore, abstention is invoked on the questions listed above as numbers one and two on the ground that the state court might effectively end this controversy by a determination that the City Charter provision and the state statute conflict so as to render the charter provision null and void. In addition, the important question—whether judicial review of the defendant's ultimate order is permitted—should also be considered by the state courts, first, because the City Charter provision which declares such judgments to be final may conflict with Ohio Revised Code, Section 733.72 and Ohio Revised Code, Section 3.08 and, second, because an erroneous decision by a federal court on this issue may substantially interfere with state policies. In addition, the defendant contends that Section 2506.01 of the Ohio Revised Code provides for an appeal of the defendant's order. It cannot be authoritatively stated that any law has provided for an appeal from the final order of the local "tribunal" involved. This crucial determination should be made by the state's highest court.

■ In determining whether a preliminary injunction should issue, it must be determined whether the plaintiffs will suffer immediate and irreparable injury. In addition, the claims of each party must be weighed to determine whether the issuance of an injunction may injure the defendant more than the failure to issue one may injure the plaintiffs. Furthermore, this Court must consider the likelihood of the success by the plaintiffs on the merits. The general purpose of a preliminary injunction is to preserve the status quo pending final determination of the action after a full hearing. Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738 (2d Cir. 1953). If the injunction does not issue, the defendant will proceed with the hearing and the plaintiffs may well be discharged. If the plaintiffs are discharged and either the state courts or this Court should find the hearing to be violative of due process, the plaintiffs might have to be reinstat-

ed and their replacements removed. In addition, the plaintiffs could file an action for damages. If, however, the hearing is enjoined and, subsequently, the procedure is held to be constitutional, the defendant will be able to proceed. If the hearing is enjoined and the procedure is held to be unconstitutional, the defendant will have been protected from committing a grievous error. This Court views that the possibility that the plaintiffs may be deprived of their positions (property), see Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L. Ed. 216 (1953); McLaughlin v. Tilendis et al., 398 F.2d 287 (7th Cir. 1968), by means of a hearing that may be violative of due process forces the balance in favor of the plaintiffs. In addition, this is a challenge to the procedure on its face. On the federal issues there is a likelihood of success on the merits, should this controversy not be resolved in the state courts and should a permanent injunction be required. No final decision is made on the merits of the plaintiffs' claims, either state or federal. However, a preliminary injunction shall issue to enjoin the proceeding scheduled for February 16, 1972, so that the plaintiffs will not suffer what this Court finds to be irreparable damage to their personal and professional reputations by being removed from their positions for alleged malfeasance in office by a proceeding whose constitutional validity is in doubt.

Therefore, all further proceedings are stayed until the courts of the State of Ohio shall have been afforded an opportunity to determine the issues here presented. This may be accomplished, for example, by means of an action for declaratory judgment. Jurisdiction is retained to permit such action as may be necessary for the just resolution of the controversy, should anything prevent a prompt state court determination. In addition, jurisdiction is retained over the federal claims presented by the plaintiffs which will be resolved, if necessary, after the state courts have deter-

mined the questions set forth above. In order to protect federal jurisdiction, the defendant is enjoined from proceeding with the hearing scheduled for February 16, 1972, until such time as this Court has divested itself of jurisdiction. Bond is set at a total of $100.00 for all plaintiffs.

It is so ordered.