Walter A. BURKS, Jr., et al., Plaintiffs-Appellees,

v.

Ralph PERK, Mayor of the City of Cleveland, Ohio, Defendant-Appellant.

No. 72-1368.

United States Court of Appeals, Sixth Circuit.

Nov. 17, 1972.

Malcom C. Douglas, Wayne C. Dabb, Jr., Department of Law, Cleveland, Ohio, for defendant-appellant; Richard R. Hollington, Jr., Paul J. Brady, Cleveland, Ohio, on brief.

Robert R. Disbro, Cleveland, Ohio, for plaintiffs-appellees; Richard M. Markus, Carl J. Character, Charles W. Fleming, Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and BRATCHER *, District Judge.

PER CURIAM.

Ralph Perk, Mayor of the City of Cleveland, Ohio, has appealed from an order of the District Court restraining and enjoining him from conducting a hearing on written charges of neglect of duty and malfeasance in office, which charges were made against five members of the Civil Service Commission of the City.

The written charges specified the acts of neglect of duty and malfeasance in office, gave to each Commissioner more than ten days' notice of the time and place of a public hearing thereon before the Mayor, and stated that each Commissioner would have opportunity to be heard in person and by counsel and to present evidence in his defense.

Instead of resisting the charges at a hearing before the Mayor, who had the power of appointment as well as removal for cause, under the City Charter, the Commissioners joined in filing in the District Court a complaint against the Mayor seeking to enjoin even the hearing, and alleging that there is a conflict between a state statute and the City Charter; that no judicial review of the Mayor's decision is available in the state; that the Mayor is biased; that the charges are not sufficiently specific; and that the procedure of the City Charter violates the due process clause of the Fourteenth Amendment.

Jurisdiction of the Court was founded on 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

On plaintiffs' motion for a temporary restraining order the District Court heard arguments of counsel but took no evidence. Following the hearing the Court filed a written memorandum and order, D.C., 339 F.Supp. 1194, in which it did not determine any issues of state law, but suggested that plaintiffs file an action for declaratory judgment in the state court (which they later did), and issued a preliminary injunction restraining the Mayor from conducting any hearing while the state issues were being determined in the state court. The District Court reserved for itself the determination of the federal questions raised. The District Court has thus bifurcated the case, with one part pending in the Common Pleas Court, and another part in the District Court, and

* The Honorable Rhodes Bratcher, Judge, United States District Court for the Western District of Kentucky, sitting by designation.

has prevented the Mayor from conducting any hearing on the charges.

■ In our opinion the Mayor had full power and authority to hear and determine the charges against the Commissioners under Section 124 of the Charter of the City of Cleveland, which provides as follows:

"A member of the civil service commission may be removed by the mayor for neglect of duty, incapacity, incompetency, or malfeasance in office, but only after opportunity has been given for a public hearing before the mayor, to be held at least ten days after written charges have been made and notice thereof been given to the accused member. Such member shall be heard in person or by counsel; and such removal shall be final."

Contrary to the claim of appellees, a judicial review of a final decision of the Mayor is expressly provided by Section 2506.01, Ohio Revised Code (Supp.), as follows:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code."

By virtue of this statute the Commissioners could have obtained a judicial review of any final decision of the Mayor, in the Common Pleas Court of Cuyahoga County.

The Common Pleas Court in Ohio, unlike the United States District Court, which is a court of limited jurisdiction, is a court of general jurisdiction. If it became necessary to restrain enforcement of an adverse decision of the Mayor pending review, the Common Pleas Court had full power and authority to enjoin such enforcement. The Commis-

sioners thus had an adequate remedy under state law. They ought not be permitted to frustrate state procedures by resorting to Federal Courts in the first instance. No irreparable injury to plaintiffs has been alleged or shown.

■ The Commissioners do not have a constitutional right to public employment. Cafeteria & Restaurant Workers Union v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961); Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971), cert. denied, 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767 (1972).

Public office is not property within the meaning of the Fourteenth Amendment. Taylor & Marshall v. Beckham, 178 U.S. 548, 20 S.Ct. 890, 44 L.Ed.2d 1187 (1900).

In Wilson v. North Carolina, 169 U.S. 586, 18 S.Ct. 435, 42 L.Ed. 865 (1898), the Court held that the removal of a railroad commissioner by the Governor of a state which by statute had vested in him the power of appointment and removal, did not deprive the commissioner of his property without due process of law.

But even if the Commissioners in the present case had a property interest in their offices, the provisions for notice and hearing on removal charges provided in the City Charter, and the right of review by the state courts, would seem to comply with due process requirements. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ Federal Courts ought not intrude in controversies between state political subdivisions and their officers, over the title to a state office or the rights of persons appointed to such office. We ought not strain unnecessarily the relationship between federal-state judicial systems.

The judgment of the District Court is reversed; the injunction is dissolved; and the cause is remanded to the District Court with instructions to dismiss the complaint.