Louis M. PARTNOW, Plaintiff,

v.

John J. MORAN, Individually and as Director of the Division of Adult Corrections of the State of Del., et al., Defendants.

Civ. A. No. 4542.

United States District Court,
D. Delaware.

May 25, 1973.

Sheldon N. Sandler, of Bader, Dorsey & Kreshtool, Wilmington, Del., for plaintiff.

Richard S. Gebelein, Deputy Atty. Gen., Dept. of Justice, State of Del., Wilmington, Del., for defendants.

Before ADAMS, Circuit Judge, and WRIGHT and STAPLETON, District Judges.

## OPINION

CALEB M. WRIGHT, District Judge.

Dr. Louis M. Partnow (Partnow), brings this civil rights action as a consequence of his dismissal from the position of counselor supervisor in the Delaware Division of Adult Corrections (Division). The defendants are John J. Moran (Moran), Director of the Division, Robert Y. Lathrop, Jr., Director of the Delaware State Personnel Commission (Commission) and the four individual commissioners of the Commission.

Partnow was dismissed from his employment on January 6, 1972, following his publication of two statements in the Wilmington News-Journal papers that were highly critical of existing executive personnel of the Division. The stated reason for plaintiff's dismissal was that he had violated Rule 15.0621 of the Delaware Merit System of Personnel Administration Rules. That Rule is the last of twenty-one specified categories of conduct for which disciplinary action may be imposed under the merit system; it permits the taking of disciplinary action for "any other conduct of any employee which is not in keeping with standards applicable to such employee in the performance of his work."

Dr. Partnow seeks dual relief: a declaratory judgment that Rule 15.0621 is unconstitutional and an order directing that he be reinstated and awarded back pay and benefits.

In support of his claim for declaratory relief, Partnow asserts that Rule 15.0621 violates the First and Fourteenth Amendments to the United States Constitution because (a) it is so vague that reasonable men must necessarily guess as to the conduct which is proscribed, and (b) it is so overly broad that it exerts an impermissible chilling effect on the exercise of protected First Amendment rights. Partnow presses the same contention in support of his claim for reinstatement and related relief and, in addition, asserts three further grounds for that relief:

1. The dismissal is constitutionally void because it was an attempt by the state to punish the exercise of First Amendment rights.

2. The dismissal is constitutionally void because it was arbitrary and unreasonable action done in bad faith, without any legitimate basis in fact, and denied plaintiff substantive due process.

3. The dismissal violated state law.

Jurisdiction is based on 28 U.S.C. § 1343. Since the complaint seeks to enjoin state officers' enforcement of a state administrative rule of statewide applicability on constitutional grounds, a three-judge court has been convened pursuant to 28 U.S.C. §§ 2281, 2284.

■ The case is presently before the Court on the defendants' motion to dismiss. Fed.R.Civ.P. 12(b). Predicated upon the contention that this case is one in which the Court should utilize its equitable discretion and abstain, the defendants' motion prays that the Court either dismiss this action, or in the alternative, stay proceedings until the matter has been litigated in the state courts. Since the abstention doctrine involves the postponement of the exercise of federal jurisdiction rather than its relinquishment, Doud v. Hodge, 350 U.S. 485, 76 S.Ct. 491, 100 L.Ed. 577 (1956) and Harrison v. NAACP, 360 U. S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959), a motion to dismiss should not be granted. The Court will, however, consider the abstention question in light of the defendants' alternative request for a stay of these proceedings.

■ In addition to raising the abstention arguments, the defendants' motion seeks the dismissal of Moran in his individual capacity on the ground that none of the relief sought could be granted against him in that capacity. Opposing this motion, the plaintiff contends that Moran could be held individually liable for damages to the plaintiff for exceeding his authority. The complaint

alleges the elements of a claim for damages, including bad faith with sufficient particularity to preclude the dismissal of Moran in his individual capacity as a party defendant. See Hayes v. Cape Henlopen School District, 341 F.Supp. 823 (D.Del.1972) and Mathias v. New Castle County Vocational and Technical School District, C.A. 4073 (D.Del.1971).[1]

Although not fully developed and perhaps in some dispute, the following facts are pertinent to the instant motion. Prior to his dismissal, Partnow was employed under Moran's authority as a Counselor Supervisor at Sussex Correctional Institution. On March 5, 1971 and again on December 10, 1971, the plaintiff published advertisements in the News-Journal papers, Wilmington, Delaware, which discussed certain policies and practices of the Division and its administrative personnel to which the plaintiff was opposed and which in his opinion constituted serious deterrents to the proper functioning of the Division and particularly its rehabilitative programs. Although the nature of these statements and their status within the purview of First Amendment protections are not relevant at this stage of the proceedings, they may be safely characterized as highly critical of specific Division personnel and, in particular, Moran.

Evidently, the plaintiff received no warning or admonition subsequent to the publication of either advertisement.[2] However, on January 5, 1972, Moran notified Partnow that he was dismissed, effective January 6, 1972, for violation of Merit Rule 15.0621. Moran's January 5, 1972 letter to Partnow informing him of the dismissal makes reference to Partnow's two published advertisements as the primary basis for his dismissal.

After the dismissal, the plaintiff commenced his appeal through the administrative procedures established by the Merit System. The ultimate resolution of the appeal was the Commission's affirmance of Moran's initial decision after a hearing on May 31, 1972. Although Moran's initial letter cited Rule 15.0621 as the reason for dismissal, the Commission confirmed that decision on the ground that the plaintiff's activities constituted violations of Rules 15.0613 and 15.0615, as well as Rule 15.0621. The Commission's letter also indicated that the plaintiff's newspaper advertisements comprised the factual basis of the reason for dismissal.

After the Commission's decision, the plaintiff initiated an appeal to the Delaware Superior Court pursuant to the provisions of 29 Del.C. § 5949. At the plaintiff's request, this appeal has been temporarily stayed pending this Court's resolution of the instant motion.

The defendants raise three primary reasons in support of their position that this Court should abstain. First, they contend that abstention is proper because the plaintiff is challenging the constitutionality of an unclear state regulation which has not been interpreted by the state courts and which is susceptible of a reasonable construction which would avoid or significantly modify the constitutional issues presented. See Lake Carriers' Association v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972) and King-Smith v. Aaron, 455 F.2d 378 (3rd Cir. 1972). Second, they argue that the Court should abstain because the plaintiff has raised alternative state law grounds for reversal of his dismissal, the decision of which might obviate the need for this

---

1. Subsequent to oral argument and in response to the Court's inquiry, the plaintiff's counsel has informed the Court that both Moran and Lathrop have been replaced in the State Administration, and that he will move to substitute their successors in their official capacities. The successors to Moran and Lathrop would probably not be liable for damages; however, they might be involved in the question of injunctive relief. Moran and Lathrop would remain defendants in their individual capacities until resolution of the damages issue.

2. The absence of any such reprimand or other formal contact during the eight month hiatus between the two advertisements is urged in support of plaintiff's condonation defense under state law.

Court to decide the plaintiff's federal constitutional issues. See Askew v. Hargrave, 401 U.S. 476, 478, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971) and Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). Third, they maintain abstention is proper to avoid unnecessary state-federal friction, i. e., to foster comity. Railroad Comm. v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

Plaintiff responds that this case is not one in which the resolution of a federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain state law issue. Alternatively, he maintains that even if defendants' characterization of this case were accurate, none of the three reasons for abstention relied upon by them warrants postponement of federal court consideration in a civil rights action and, in particular, in a case involving claims of First Amendment infringement. Plaintiff asserts that Section 1983 actions are unlikely candidates for abstention, Moreno v. Henckel, 431 F.2d 1299 (5th Cir. 1970), and that overbreadth and vagueness claims predicated on First Amendment freedom of speech guarantees are generally the type claim as to which federal courts are most reluctant to abstain. Hobbs v. Thompson, 448 F.2d 456, 460 (5th Cir. 1971); see generally, Dombrowski v. Pfister, 380 U.S. 479, 492, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). To prevent the continuing uncertainty and concomitant chilling effect incident to the continued existence of the challenged rule, the plaintiff urges that this Court proceed to determine his claims.

The plaintiff's argument that the Rule 15.0621 is clear on its face and could not be construed so as to avoid the necessity for deciding the constitutional question is unpersuasive. The statute does not on its face make any particular reference to prohibition of speech activities, and might be construed by state courts so as not to govern verbal or communicative activity. In addition, as was noted by the Court during oral argument,

the regulation refers to "standards applicable to [an] employee in the performance of his work." Coming as it does at the end of twenty specific categories of prohibited conduct applicable to the full range of covered employment, the regulation might reasonably be construed to permit the subsequent, supplementary formulation of standards by supervisory personnel to govern the conduct of those state employees under their jurisdiction. Construed in this fashion as an enabling regulation, the rule would not itself prohibit any specific conduct and could not have a chilling effect unless and until implemented by the adoption of supplementary standards.

Because these alternatives would be open to the Delaware courts, we conclude that plaintiff's constitutional challenge to Rule 15.0621 presents this Court with a situation in which (a) adjudication of a federal constitutional challenge to a state administrative regulation would require a federal court to decide an uncertain issue of state law and (b) there is a substantial likelihood that a state court, in a single pending proceeding may resolve that uncertainty in a manner which will render a constitutional determination unnecessary and will leave a state's regulatory scheme intact. Such a situation calls for us to exercise our discretion in favor of staying our hand despite the presence of a claim of First Amendment infringement. Lake Carriers' Association v. MacMullan, supra; Harrison v. NAACP, supra; King-Smith v. Aaron, supra; Russo v. Kirby, 453 F.2d 548 (2nd Cir. 1971).

Just last year, the Supreme Court observed:

. . . The paradigm case for abstention arises when the challenged state statute is susceptible to "a construction by the state courts that would avoid or modify the [federal] constitutional question. Harrison v. NAACP, 360 U.S. 167 [79 S.Ct. 1025, 3 L.Ed.2d 1152]. Compare Baggett v. Bullitt, 377 U.S. 360 [84 S.Ct. 1316, 12 L.Ed.2d 377]." Zwickler v. Koota,

supra, 389 U.S. 241 at 249 [88 S.Ct. at 396, 19 L.Ed.2d 444]. More fully, we have explained:

> "Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. . . . The doctrine . . . contemplates that deference to state court adjudication only be made where the issue of state law is uncertain." Harman v. Forssenius, 380 U.S. 528, 534 [85 S.Ct. 1177, 1182, 14 L.Ed.2d 50] (1965). Lake Carriers Association v. MacMullan, supra, 406 U.S. at 510–511, 92 S.Ct. at 1757 (1972).

Plaintiff's attack on Rule 15.0621 fits this description of the "paradigm case for abstention" and is one in which a postponement of federal court action would serve each of the four interests stressed by the Supreme Court in its quotation from the *Harman* case.

While the *Lake Carriers* case did not involve a free speech claim, the *Zwickler* case cited therein teaches that the same standard applies in such cases and that situations of the kind here presented justify abstention despite the presence of a free speech claim. In *Zwickler*, the appellant had been convicted of violating a New York statute by distributing anonymous political handbills. Invoking federal jurisdiction under Section 1983 and the declaratory judgment act, he challenged the statute contending that it contravened the First Amendment on its face. The lower court abstained. The Supreme Court articulated the applicable standard as follows:

> The analysis in United States v. Livingston, D.C., 179 F.Supp. 9, 12–13, aff'd, Livingston v. United States,

364 U.S. 281 [80 S.Ct. 1611, 4 L.Ed.2d 1719], is the guide to decision here:

> "Regard for the interest and sovereignty of the state and reluctance needlessly to adjudicate constitutional issues may require a federal District Court to abstain from adjudication if the parties may avail themselves of an appropriate procedure to obtain state interpretation of state laws requiring construction. Harrison v. N.A.A.C.P., 360 U.S. 167 [79 S.Ct. 1025, 3 L.Ed.2d 1152]. The decision in Harrison, however, is not a broad encyclical commanding automatic remission to the state courts of all federal constitutional questions arising in the application of state statutes. N.A.A.C.P. v. Bennett, 360 U.S. 471 [79 S.Ct. 1192, 3 L.Ed.2d 1375]. Though never interpreted by a state court, if a state statute is not fairly subject to an interpretation which will avoid or modify the federal constitutional question, it is the duty of a federal court to decide the federal question when presented to it. Any other course would impose expense and long delay upon the litigants without hope of its bearing fruit." Zwickler v. Koota, 389 U.S. 241, 250–251, 88 S.Ct. 391, 397, 19 L.Ed. 2d 444 (1967).

Here, as in *Harrison*, the state law requires construction and that law is fairly subject to an interpretation which will avoid or modify the federal constitutional question.

Plaintiff's challenge to Rule 15.0621 presents a different situation than that involved in the cases upon which he relies. See Zwickler v. Koota, supra (prohibition of handbill distribution); Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964) (loyalty oath); Hobbs v. Thompson, supra (political activities); Edwards v. Sammons, 437 F.2d 1240 (5th Cir. 1971) (voter rights); and Muller v. Conlisk, 429 F.2d 901 (7th Cir. 1970) (speech). These cases involved challenges to statutes which were either not susceptible to rea-

sonable constructions which would eliminate or alter the First Amendments questions raised, e. g. Zwickler v. Koota, supra, and Moreno v. Henckel, supra, or were unlikely to receive such a construction in a single action. E. g., Dombrowski v. Pfister, supra and Zwickler v. Koota, supra.

Moreover, the potential "chilling effect" on other state employees' exercise of their First Amendment freedoms as a consequence of the continued existence of Rule 15.0621 does not, in the light of the wording and apparent scope of the rule, assume the same magnitude as the prospective chilling effect of the statutes in the numerous free speech cases in which federal courts have declined to abstain. *Cf.* Dombrowski v. Pfister, supra; Baggett v. Bullitt, supra; and Moreno v. Henckel, supra. While the plaintiff's dismissal under the rule might have increased the likelihood of some chilling effect on others, because of the particular facts of this dismissal, the Court considers it unlikely that the Rule. is currently having any substantial impact on the exercise of free speech

Thus far we have analyzed the contentions of the parties solely on the context of plaintiff's challenges to Rule 15.0621. That challenge is the sole basis asserted for the declaratory judgment relief. As noted at the outset, however, plaintiff asserts two other federal constitutional contentions in support of his claim to reinstatement and related relief. Plaintiff correctly points out that neither of those contentions requires this Court to decide any question of state law as a predicate to a constitutional determination. While it is certain that plaintiff's claim to declaratory relief cannot be adjudicated in this Court without a decision by us on an uncertain issue of state law, the plaintiff's claim to individual relief requires additional treatment since it presents two constitutional challenges which do not present unclear questions of state law which need be resolved prior to a determination of the constitutional issue.

■ Abstention is an equitable doctrine founded on a court's exercise of judicial discretion, Propper v. Clark, 337 U.S. 472, 69 S.Ct. 1333, 93 L.Ed. 1480 (1949); Baggett v. Bullitt, supra, 377 U.S. at 375, 84 S.Ct. 1316; Hobbs v. Thompson, supra, 448 F.2d at 462–463, and the competing interests militating for and against abstention must be considered.

■ Unlike the plaintiff's claim to declaratory relief which raises the "paradigm case" for abstention, the individual claim involves constitutional issues and factual circumstances which tend to militate against abstention. Since two of the three constitutional issues in the plaintiff's individual claim do not involve unclear questions of state law, it is possible that the individual claim might be determined in Partnow's favor without reaching the constitutionality of Rule 15.0621. Also this claim is a § 1983 action alleging a deprivation of First Amendment rights, a type of action which has been recognized as an unlikely candidate for abstention, Hobbs v. Thompson, supra. See McNeese v. Bd. of Education, 373 U.S. 668, 671, 672, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); and Wright v. McMann, 387 F.2d 519, 524 (2nd Cir. 1967).

However, several factors are supportive of a decision to abstain. First, the individual claim includes an issue which presents the classic and the strongest case for abstention, a constitutional attack on Rule 15.0621, an unclear state legal issue which is susceptible to a construction which would eliminate the constitutional question. If the Court did not abstain and eventually ruled against the plaintiff on his First Amendment and due process claims, it would be required to interpret Rule 15.0621 and determine the unclear question of state law prior to reaching the constitutionality of the rule. Second, the plaintiff has completed his administrative remedies and commenced an appeal to the

state courts. This will undoubtedly lessen the delay consequent to abstention. *Cf.* Zwickler v. Koota, supra, 389 U.S. at 251–252, 88 S.Ct. 391, and England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 418, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). Third, if the Court were required to interpret Rule 15.0621 and determined that it was unconstitutional, the Court would still be confronted with the question of the validity of the dismissal under the two alternative rules cited by the Commission. This question involves further unclear questions of state law: (1) the propriety of the Commission's review and affirmance of Moran's decision on the basis of rules not cited by Moran in his decision to dismiss the plaintiff and (2) the scope and meaning of Rules 15.0613 and 15.-0615 and their applicability to the plaintiff's conduct.

Although not unmindful of the primary importance of the First Amendment rights raised by the plaintiff, the Court is of the opinion that the desirability of a state adjudication of state regulatory and administrative law is, in this case, sufficient to warrant abstention.

This case will be stayed pending final adjudication of plaintiff's state court suit.