Morris W. COCHRAN, Plaintiff,

v.

Henry J. ENSWEILER, Jr., et al., Defendants.

No. 73 H 243.

United States District Court, N. D. Indiana, Hammond Division.

March 20, 1974.

Michael L. Muenich, Hammond, Ind., for plaintiff.

Bernard M. Tetek, Gary, Ind., for defendants.

## MEMORANDUM OPINION

ALLEN SHARP, District Judge.

This action is based upon a complaint for an injunction, an action for damages and a petition for a temporary restraining order without notice. The plaintiff is the chairman of an organization named "Save Our Community". Through the use of various legal processes and court actions, plaintiff has engaged in an attempt to incorporate a town, to be named Ross Park, in part of Lake County, Indiana. The defendants are certain named representatives of persons who are attempting to incorporate the town of Lake Ridge. From the pleadings it appears that the area enclosed by the two proposed towns are not mutually exclusive.

The plaintiff has alleged that, as one of the results of a temporary restraining order issued by Judge John Baran of the Lake Superior Court, No. 2, his organization will be prevented from holding a hearing necessary for the incorporation of Ross Park. Therefore, plaintiff alleges that the Ross Park "Save Our Community" group will thus be prevented by the provisions of the Town Government Act of 1969, IC 18-3-1-1 (1971) from access to the courts of the State of Indiana. This alleged denial of access to the courts is allegedly a violation of the Fourteenth Amendment of the Constitution of the United States of America and also is a violation of plaintiff's civil rights under 42 U.S.C., Section 1983, and 42 U.S.C., Section 1985.

The enforcement of the temporary restraining order of the Lake Superior Court was enjoined for a period of ten days by Chief Judge George N. Beamer of this court on October 15, 1973. This injunction allowed the proponents of the Ross Park incorporation to hold their meeting. Without delving into the merits of the parties' contentions, a reading of the amended complaint discloses a multitude of conclusory allegations regarding plaintiff's alleged denial of access to Indiana courts.

This instant controversy between the would-be incorporators of Ross Park and Lake Ridge has been aired in two legal forums in this locality thus far—with both sides having been enjoined in some manner for some period of time. Looking at the case file, it appears that the Lake Superior Court, No. 2, is attempting to resolve the issues on a "first come, first served" basis as far as the competing incorporation petitions are concerned.

The issue in the complaint and in the motion to dismiss is whether the chairman of the Ross Park "Save Our Community" group is being denied his civil rights under 42 U.S.C., Sections 1983 and 1985, and due process under the Fourteenth Amendment by being denied access to the state courts to proceed with his incorporation plans. This contention seems to be designed to circumvent the lawful orders of the Lake Superior Court, No. 2, through Federal judicial processes. The Lake Superior Court, No. 2, has stayed the incorporation of Ross Park pending the possible incorporation action of the Lake Ridge supporters. The resulting outcry is over a localized dispute with no area, state or national consequences. No matter how this dispute is resolved, it may be that neither party is satisfied since a certain matter of local pride seems to be a motivating factor in this litigation.

While any allegation of a deprivation of one's civil rights under 42 U.S.C., Sections 1983, 1985 is deemed a serious charge, the particular and somewhat unique characteristics of this lawsuit seem to belie the multiple counts, numerous allegations, and prayer for relief presented in this instance. In spite of the claim for monetary damages, equitable principles would seem to prevail in the resolution of this dispute. In addition, the avoidance of needless conflict with the Lake Superior Court's own affairs is a worthy consideration. We ought not strain unnecessarily the relationship between federal-state judicial systems. Burks v. Perk, 470 F.2d 163 (6th Cir. 1972), rev'g 339 F.Supp. 1194 (N.D.Ohio 1972). It must be noted that the instant dispute arose not from the controversy involving the proposed towns, but from the orders and injunctions issued by the Lake Superior Court, No. 2, after their assumption of jurisdiction over the matter.

 The doctrine of abstention is an extraordinary and narrow exception to the duty of a federal court to adjudicate the controversy before it. Fed. Power Commission v. Corporation Commission of the State of Oklahoma, 362 F.Supp. 522 (D.C.Okl.1973). Abstention is an equitable doctrine founded on the court's exercise of judicial discretion. Partnow v. Moran, 359 F.Supp. 519 (D.C.Del.1973). Abstention is not a doctrine that defers to state courts, preserving comity by creating additional hardship for the parties, especially the plaintiff. Rather, it is a rule of discretion to be exercised when the district court believes that some asset particular to the state's courts jurisdiction will most likely aid in adjudicating the merits of the litigation. Bond v. Dentzer, 362 F.Supp. 1373 (D.C.N.D.N.Y.1973), Railroad Comm'n v. Pullman Co., 312 U. S. 496, 61 S.Ct. 643, 85 L.Ed. 971. While the exercise of abstention is discretionary, the federal courts have a special duty to exercise jurisdiction in civil rights cases. Bond v. Dentzer, supra. In Bond, the court was concerned with abstention in a case involving a wage assignment while state litigation was pending. The question involved interpretation of a state statute. In the instant case, no statutory interpretation is involved. Since the exercise of jurisdiction under the abstention doctrine is discretionary, each decision must be made on a case by case basis. Under the doctrine in the Pullman case, supra, abstention would be proper in this instance to avoid needless state-federal friction—even though civil rights violations are alleged.

A recent decision of the Seventh Circuit Court of Appeals discusses abstention as it applies to civil rights litigation. In Smith v. Cherry, 489 F.2d 1098 (7th Cir. 1973), a voter and an unsuccessful political candidate instituted a civil rights action against the successful candidate. The U. S. District Court for the Northern District of Illinois, Eastern Division, granted defendant's motion to dismiss. The Seventh Circuit reversed the decision and included a discussion of abstention and its applicability to civil rights cases and political matters. Smith, Id. at 1101. Plaintiffs in Smith claimed that a state statute was being administered unconstitutionally. The circuit court concluded that this would not have been a proper basis for abstention.

The instant case, even though it is a civil rights case, is easily distinguishable from Smith and any of the situations discussed in the opinion. This is not a case of invidious discrimination, construing a state statute, nor is it a basically political issue. It is merely an issue of whether the Lake Superior Court can better deal with the dispute without any federal interference.

 Abstention is a judge-made doctrine. As such, it is left to the discretion of the court to properly determine its applicability in any particular instance. This doctrine of equity involves a postponement of the exercise of federal jurisdiction rather than its relinquishment. Partnow v. Moran, supra,

Brown v. Supreme Ct. of Virginia, 359 F.Supp. 549 (E.D.Va.1973).

The intrusion of the Federal Judiciary into the affairs of local political units has been the subject of criticism by social commentators since the Constitution was drafted. The instant case is a local affair that can be satisfactorily adjudicated on the local level with a minimum of Federal Judicial involvement. The withholding of jurisdiction under the abstention doctrine is not a denial of jurisdiction but is, rather, a recognition by the federal courts that they should stay their hand in the public interest when it reasonably appears that private interest will not suffer. Mandel v. Hutchinson, 336 F.Supp. 772 (C.D.Cal. 1971).

This court will abstain from an adjudication of this dispute on its merits, but will follow the recommended policy of American Trial Lawyers Assoc. v. N. J. Supreme Ct., 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed.2d 651 (1973), by retaining jurisdiction pending the proceedings in the Lake Superior Court. It is so ordered.